**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ALI ALI-BEY                                                      PLAINTIFF

v.                        **CASE NO. 4:24-CV-00180-BSM**

STALEY ELECTRIC                                              DEFENDANT

## ORDER

Staley Electric Services, LLC's motion for summary judgment [Doc. No. 90] is granted and Ali-Bey's motion for leave to respond [Doc. No. 106] is granted.

## I. BACKGROUND

Ali Ali-Bey was hired as a probationary employee by Staley Electric as a warehouse associate on June 13, 2023. Resp. Def.'s Statement Undisputed Material Facts (SUMF) ¶ 2, Doc. No. 100. Staley has a ninety day probationary period for all new employees. *Id.* ¶ 3. Lynn Denton-Jones, who is responsible for reviewing employee performance, met with Ali-Bey at the end of his probationary period, on September 19, 2023, to discuss his performance. *Id.* ¶¶ 5–6. Although Ali-Bey disputes the accuracy of the performance review, Denton-Jones noted that Ali-Bey performed well at the start of his employment but his performance began to decline in August. *Id.* ¶ 7; Mot. Summ. J. (MSJ), Doc. No. 90, Ex. 1, Decl. Lynn Denton-Jones ¶¶ 7–8. Denton-Jones, therefore, extended Ali-Bey's probationary period for thirty days. Decl. Denton ¶ 12; *see also* SUMF, Decl. Ali Ali-Bey ¶ 6.

Later that evening, Ali-Bey sent an email to Denton-Jones and Brent Staley complaining that he witnessed several discriminatory comments from various managers and coworkers. SUMF ¶ 13; *See* MSJ, Ex. B. Although Ali-Bey believes that his supervisors, Shawn Ratliff and Kyle Lewis, saw a draft of the email on his computer before he met with Denton-Jones, MSJ, Ex. 2, Dep. Ali Ali-Bey 94:2–5, Ratliff and Denton-Jones deny this assertion. Denton Decl. ¶ 41, MSJ, Ex. 4. Decl. Shawn Ratliff ¶ 8. It is, however, undisputed that Denton-Jones and Staley investigated Ali-Bay's allegations but found no evidence of discriminatory animus or intentional harassment. SUMF ¶ 19, Decl. Denton ¶ 20. Staley Electric terminated Ali-Bey, following the thirty day extension of his probationary period, for failing to improve his performance. SUMF ¶¶ 24 & 27; Decl. Denton ¶ 24.

Ali-Bey is suing Staley Electric for retaliation and Staley is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487

2

F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on Ali-Bey's retaliation claim because he has failed to establish a *prima facie* case.

Although Ali-Bey does not specifically state whether he is suing under Title VII or 42 U.S.C. section 1981, the statutes have the same legal standard. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1059 (8th Cir. 1997) (Title VII and section 1981 retaliation elements are identical). To establish a *prima facie* case of retaliation, Ali-Bey must show that (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal connection between elements one and two. *Id.*

As to the first element, Ali-Bey engaged in protected activity when he sent Denton-Jones and Staley the email on the evening of September 19, 2023, complaining about discriminatory comments made by managers and coworkers. *See Gagnon v. Sprint Corp.*, 284 F.3d 839, 854 n.4 (8th Cir. 2002), *abrogated on other grounds by, Desert Palace v. Costa*, 539 U.S. 90 (2003) (internal or informal complaints to superiors are protected under Title VII); SUMF ¶ 48.

As to the second element, Ali-Bey suffered an adverse employment action when he was terminated. Although Ali-Bey argues that he also suffered an adverse employment action when his probationary period was extended, Br. Opp. Def.'s Mot. Summ. J. at 2 (Ali-Bey Br.), Doc. No. 104, having his probationary period extended is akin to placement on a

performance improvement plan, which is not an adverse employment action.  *Fiero v. CSG Sys., Inc.*, 759 F.3d 874 n. 2 (8th Cir. 2014).  For this reason, Ali-Bey's termination is the only viable adverse action.

As to the third element, to establish a causal connection between his email and his termination, Ali-Bey must show that Staley Electric would not have fired him if he had not sent the email.  *See Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013).  It is not enough for Ali-Bey to prove that his email was a substantial or motivating factor in his termination; rather, he must show that it was the determining factor.  *See Carrington v. City of Des Moines*, *Iowa*, 481 F.3d 1046, 1053 (8th Cir. 2007).  Ali-Bey argues that the temporal proximity between his email and termination create a genuine factual dispute for the jury to decide. Ali-Bey Br. at 2.  Ali-Bey also argues that recorded conversations and documented performance criticism support a casual connection.  *Id*. at 3.

Although temporal proximity alone is typically not enough to establish causation, it may be an indicator of causation. *Kiel v. Select Artificials, Inc*., 169 F.3d 1131, 1136 (8th Cir. 1999). Moreover, viewing the record in the light most favorable to Ali-Bey, I would probably lean in favor of finding that he has made out a *prima facie* case of retaliation if he provided evidence, other than his speculation, that his supervisors read his draft email before he met with Denton-Jones for his performance review.  If Staley Electric was aware of Ali-Bey's complaints before it extended his probation and fired him, he could make a plausible argument that his email set his termination in motion.  But, his deposition testimony regarding his supervisors reading his draft email before the meeting with Denton-Jones is

based on speculation.  MSJ, Ex. 2 Ali-Bey Dep. 94:2–95:25, 97, 117:20–118:24.  And the record clearly shows that Staley Electric received Ali-Bey's email after his meeting with Denton-Jones. SUMF ¶ 13. Finally, although Ali-Bey has submitted recorded conversations that he claims support his arguments, those recordings do not show that he was terminated for engaging in protected activity.  *See* Recordings, Doc. No. 109.

Even if Ali-Bey made out a *prima facie* case of retaliation, Staley has provided a legitimate non-discriminatory reason for terminating him:  poor performance.  MSJ, Ex. C, October 25, 2023 Employee Action Form.  Ali-Bey argues that this is pretext based on (1) lack of documentation of performance deficiencies before he sent the email; (2) disparate treatment of similarly situated white employees; (3) timing of performance criticism following the email; and (4) recorded statements reflecting management's awareness of his concerns.  Ali-Bey Br. at 3.

First, it appears that Ali-Bey believes that Staley Electric should have given him performance feedback during his ninety day probationary period rather than waiting until the end to discuss it with him.  *See* MSJ Ex. 2 147:23–148:3.  When to provide performance feedback is a business decision which courts typically do not scrutinize.  *See Worley v. Alltel Corp. Servs., Inc.*, No. 4:05CV001774, 2008 WL 90026 at *3 (E.D. Ark. Jan. 7, 2008).  Also, in a September 25, 2023, recorded conversation, Denton-Jones told Ali-Bey that Staley Electric had documented his performance issues before September 19, 2023, but that Staley Electric does not always give notice of performance issues during an employee's probationary period.  *See* September 25, 2023 recording at 17:30–25:16.

Second, Ali-Bey argues that when Austin Shelton had performance issues and made mistakes, he was coached and was not terminated. Ali-Bey Br. at 4. The record, however, does not show that Ali-Bey and Shelton were similarly situated. Indeed, Shelton worked for Staley Electric as part of an apprenticeship program and Ali-Bey did not. *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1308 (8th Cir. 1994) (similarly situated test at pretext stage is rigorous).

Third, Ali-Bey argues that pretext can be inferred by the timing between his email and the criticism of his performance. Ali-Bey Br. at 3 & 5. Ali-Bey argues that his performance issues were only formalized after he sent the email. *Id.* This, however is undermined by the written performance issues prior to Ali-Bey's probation extension. MSJ, Ex. A DEF 114, 116, 118, 127–131. It is also undisputed that Ali-Bey sent the email at 9:07 p.m., which was after his probationary period was extended. SUMF ¶ 13. And, as discussed above, Ali-Bey's unsupported assertion that his supervisors saw a draft of his meeting with Denton-Jones is not enough to create a factual dispute. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (for an issue of fact to be genuine, the non-moving party must show more than "some metaphysical doubt as to the material facts"); *Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of Minnesota*, 109 F.4th 1033, 1038 (8th Cir. 2024), *cert. denied sub nom.*, *Viewpoint Neutrality Now v. Bd. of Regents Univ. MN*, No. 24-655, 2025 WL 1151234 (U.S. Apr. 21, 2025) (a plaintiff may not merely rely on unsupported self-serving allegations, but must have sufficient probative evidence that would permit a finding in plaintiff's favor; the purpose of summary judgment is to isolate and

6

dispose of factually unsupported claims).

Fourth, nothing in the recorded statements provided by Ali-Bey supports his arguments that Staley Electric retaliated against him.

To the extent that Ali-Bey asserts retaliation under the Arkansas Civil Rights Act summary judgment is granted for the same reason discussed above. *See James v. George's, Inc.*, 646 S.W.3d 238, 243 (Ark. Ct. App. 2022) (elements of an ACRA retaliation claim).

## IV. CONCLUSION

For these reasons, Staley's motion for summary judgment is granted, and Ali-Bey's complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE